By the Court.—Sedgwick, J.
The complaint alleged that the parties had entered into a co-partnership, which was to be for the term of three months ; *327 that the capital was stock furnished by the defendant; that the plaintiff’s contribution to the capital was his skill and services ; that the plaintiff was to be paid one-half of the profits ; that the business continued for two weeks ; that at the end of that time the defendant sold the stock to a third person, and stopped the business of the copartnership. The complaint thereupon claimed an accounting of the profits, and a judgment for the amount that should appear due to him, and also for the damages to plaintiff for breaking up the business and depriving him of its profits for the remainder of the three months. The plaintiff had judgment for an amount of profits as due him, and also for damages.
The judgment proceeds upon the propositions that the plaintiff had an interest in the stock, and also that the defendant was responsible for the sale of the stock, and putting a third person in possession, which stopped the business. As to the first, there was no agreement that the plaintiff should have any part of the capital, consisting of the stock. He was, therefore, not entitled to any part, excepting so far as, in the progress of the business, it might be converted into profits. As to the second, I can find no evidence whatever that the defendant had part or lot in the transaction, by which the third person was put in possession of the stock and place of business. It seems to have been the sole act of the defendant’s brother, and there was no evidence that the defendant, in any manner, acted with his brother or aided him. The case made it quite as much of a wrong and harm to the defendant as to the plaintiff. The defendant was not, therefore, liable for any damages for breach of the partnership agreement. On the facts, then, the plaintiff was entitled only to his share of the profits actually made. There were no debts. The partnership had earned, according to plaintiff’s testimony, at the most $37.50 profits. One- *328 half of this, viz. : $18.75, was plaintiff’s. He received, however, $20. The defendant should have judgment for the difference, viz., $1.25. This seems to be the necessary result, after some doubtful matters of law and fact are determined in plaintiff’s favor. There is no need of a new trial. Neither justice nor the parties’ interests demand it.
The judgment should be set aside, and judgment entered for defendant in the sum of $1.25, with the costs of this appeal, but no costs in the action generally.
Freedman, J., concurred.